FILED _____ ENTERED
LODGED _____ RECEIVED
MAR 29 2010 DJ
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| MÄRT LIIKANE,<br>    Plaintiff,<br>V.<br>RHONDA BAKER<br>JOHN ADAMS<br>JAMES RUESKEN<br>THOMAS BIGSBY<br>CITY OF EVERETT<br>ABC LEGAL SERVICES<br>ADAM SHANTZ<br>SCARFF &WILSON,PLLC<br>TODD W.WILSON,<br>    Defendants. | NO. CV10 537 RSL<br><br>CIVIL COMPLAINT<br>WITH JURY DEMAND<br><br>10-CV-00537-CMP |

I     JURISDICTION

The United States District Court, Western District of Washington at Seattle has the original jurisdiction in this civil action pursuant to Title 28 § 1343 (1)(2)(3)(4).

II     PARTIES

Plaintiff, Märt Liikane, is an architect in State of Washington and State of Hawaii.

Civil Complaint ...      -1-

ORIGINAL

(2.2) Rhonda Baker is a property owner who filed a lawsuit against Liikane for recording a Lis Pendens for nonpayment for the architectural and engineering services rendered on her properties.

(2.3) John Adams is Rhonda Baker's attorney.

(2.4) James Ruesken is a building contractor who bought one of the Baker's property.

(2.5) Thomas Bigsby is Ruesken's attorney.

(2.6) City of Everett is a Municipal Corporation.

(2.7) ABC Legal Services, is a Washington corporation.

(2.8) Adam Shantz is process server for ABC Legal Services.

(2.9) Scarff & Wilson, PLLC is a law firm representing ABC Legal Services and Adam Shantz.

(2.10) Todd W. Wilson is an attorney representing ABC Legal Services and Adam Shantz.

### III  FIRST CLAIM FOR RELIEF - Breach of contracts and perjury.

(3.1) Rhonda Baker hired architect Liikane to design two apartment buildings in Everett. She herself wrote the written contract with Liikane. Baker breached all these contracts and has to this day refused to pay for the architectural and engineering services rendered. During her deposition, taken by City of Everett, she committed perjury several times.

(3.2) Instead of compensating Liikane for his services she filed a lawsuit against him and Liikane answered and made a counter-claim.

Civil Complaint ...        -2-

IV    SECOND CLAIM FOR RELIEF - Obstruction of justice and perjury; misrepresentation and abuse of due process.

(4.1) Each of the above allegations are incorporated herein by reference.

(4.2) Mr.Adams,as Baker's,attorney with his actions or inactions has for three times refused to bring Baker to her requested depositions. These were written requests for her oral examination. Liikane has attempted,verbally,to arrange for the deposition and Adams has refused to this day.

(4.3) Adams has made motions and has lied in court and with all these misrepresentations has falsely obtained orders to dismiss Liikane's counter-claim. Adams has not followed the court rules and with that he has abused the due process.

V    THIRD CLAIM FOR RELIEF - Obstruction of justice and perjury; attempting to obtain a default judgment against Liikane, when Ruesken has not even served the Summons and Complaint on Liikane as required by law; total abuse of process.

(5.1)  Each of the above allegations are incorporated herein by reference.

(5.2) Evidently Ruesken filed a lawsuit against Liikane and to this day he has not served the Summons and Complaint on Liikane. Ruesken has committed perjury by declaring falsely that Liikane has been served,appeared and answered. He knowingly filed a motion for default judgment against Liikane abusing the due process,and with it obstructing justice.

VI FOURTH CLAIM FOR RELIEF - For malpractice, fraud, misrepresentation, perjury and obstruction of justice.

(6.1) Each of the above allegations are incorporated herein by reference.

(6.2) Attorney, Thomas Bigsby, for James Ruesken has committed fraud, perjury, made misrepresentations in court and with all these illegal activities he has obstructed justice. See EX. "A"

VII FIFTH CLAIM FOR RELIEF - Abuse of due process, obstruction of justice and violation of U.S. Constitution.

(7.1) Each of the above allegations are incorporated herein by reference.

(7.2) City of Everett abused the due process by filing a motion for summary judgement knowing full well that many, many questions of fact exist for a jury to decide and with it the constitutional right for a jury trial has been taken away from Liikane. Again, obstruction of justice has been committed by the City.

VIII SIXTH CLAIM FOR RELIEF - Abuse of due process, perjury and obstruction of justice,

(8.1) Each of the above allegations are incorporated herein by reference.

(8.2) ABC Legal Services, hired by Bigsby, abused the process by sending out Adam Shantz to serve Summons and Complaint on Mark Garris, Liikane's tenant and then committing perjury by under oath declaring that Liikane was served. (To this moment Liikane has not been served with that particular Summons and Complaint) With all these fraudulent claims they have obstructed justice.

Civil Complaint ....      -4-

IX SEVENTH CLAIM FOR RELIEF - Abuse of due process, perjury and obstruction of justice.

(9.1) Each of the above allegations are incorporated herein by reference.

(9.2) Adam Shantz served the Summons and Complaint on Mark Garris and committed perjury and fraud by under oath declared that he served the Summons and Complaint on Liikane. This is all done to damages to Liikane and obstruction of justice has occured.

X EIGHTH CLAIM FOR RELIEF - Abuse of due process, unlawfully obstructing Liikane's access to evidence, obstruction of justice.

(10.1) Each of the above allegations are incorporated herein by reference.

(10.2) Scarff and Wilson represent ABC Legal Services and Adam Shantz and they are obstructing Liikane's access to evidence by avoiding the called for depositions of ABC Legal Services and of Adam Shantz. Therefore, the abuse of due process and with it the obstruction of justice.

XI NINTH CLAIM FOR RELIEF - Abuse of due process, failing to make reasonably diligent effort to comply with a legally proper discovery request, obstruction of justice.

(11.1) Each of the above allegations are incorporated herein by reference.

(11.2) Todd Wilson, attorney for ABC Legal Services and Adam Shantz, has been served with the requests for depositions of his clients and he has refused to accomplish this task.

Due to the violations of due process of law and U.S.Constitution and corruption(perjury,abuse of due process of law,preventing the plaintiff of having fair jury trial,by making motions for summary judgments,while many issues of material facts exist for a jury to decide and by preventing taking depositions and judges issuing orders of dismissal to prevent plaintiff of having jury trials, his constitutional right.

Because of all of these underhanded and unjust activities the plaintiff has and still is suffering under greaty mental and physical stress causing health problems on top of his five by-pass open heart surgery with number of follow-up surgeries.

WHEREFORE, the plaintiff asks and prays for the following relief:

(1) That justice be administered and judges uphold their oath of office and uphold the U.S.Constitution and behave impartially and stop discriminating against pro se defendant and plaintiff (judges dismiss the claims and counter-claims by not upholding the requirements of the Summary Judgment Rule 56).

(2) That the jury trial be ordered,as a constitutional right of the plaintiff.

(3) That due to the violations of the 14th Amendment of U.S.Const. by the defendants,the plaintiff recover the damages inflicted upon the plaintiff by the defendants.

(4) That plaintiff recover and be awarded one million dollars for his losses,pain and suffering,together with all the other violations of the law by the defendants.

(5) For such other relief as the Court and or jury deems just and equitable.

Civil Complaint ....        -6-

DATED this 27th day of March, 2010.

_____
Märt Liikane, Plaintiff

1608 Aurora Ave. N.
Seattle, Wa. 98109
(206) 484-6981

Defendants:

Rhonda Baker
4503 East Lake Goodwin Road
Stanwood, Wa. 98292
(425) 876-0885

John M. Adams
11820 Northup Way, #E200
Bellevue, Wa. 98005
(206) 734-7525

James Ruesken
P.O. Box 8
Marysville, Wa. 98270
(260) 652-4896

Thomas D. Bigsby, PLLC
1907 Everett Ave.
Everett, Wa. 98201
(425) 259-5511

City of Everett
2930 Wetmore Ave., Suite 10-C
Everett, Wa. 98201
(425) 257-7000

ABC Legal Services, Inc.
633 Yesler Way
Seattle, Wa. 98104
(206) 521-9000

Adam Shantz
Same as ABC Legal Services

Scarff & Wilson, PLLC
3035 Island Crest Way, Ste 201
Mercer Island, Wa. 98040
(206) 236-1500

Todd W. Wilson
Same as Scarff & Wilson, PLLC

Civil Complaint ....      -7-


EXHIBIT "A"

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR SNOHOMISH COUNTY

| | |
|---|---|
| MÄRT LIIKANE,<br>    Plaintiff,<br>V.<br>THOMAS D. BIGSBY,<br>ABC LEGAL SERVICES, INC.<br>    Defendants:<br>A. SHANTZ 0109175 | NO.<br><br>COMPLAINT FOR MALPRACTICE,<br>FOR FRAUD, MISREPRESENTATION,<br>PURJURY AND OBSTRUCTION OF<br>JUSTICE |

COMES NOW plaintiff, Märt Liikane, and for his first cause of action against defendant, alleges and avers as follows:

I

Plaintiff, Märt Liikane, is an architect and contractor doing business in State of Washington.

II

Defendant, Thomas D. Bigsby, is presumably attorney at law doing business in State of Washington.

III

The defendant is presumably representing James and Patricia Ruesken, husband and wife.

Complaint ......    -1-

IV

The Superior Court of the State of Washington for Snohomish Co. has the juristiction in this case.

V

On August 12,2008 the plaintiff filed a lien against the property at 3726 Wetmore Ave. in Everett,Wa. for the architectural and construction services rendered for which he has never been compensated.

VI

On August 13,2008 the owner of the property Mr. Ruesken responded to this lien. On August 20,2008 the plaintiff received a threatening letter from the defendant Thomas D. Bigsby.

VII

The plaintiff immediately called the defendant and responded to his threatening letter,indicating that the plaintiff will remove the lien as soon as he will be payed for his services. (this is the only phone call and conversation with the defendant that the plaintiff has ever had)

VIII

The plaintiff has never been served,received ,seen or read the Summons and Complaint from the defendant.

IX

On Dec. 15th 2008 Mark Garris answered his door bell at 1608 Aurora Ave. N. Apt. "A" and saw a stranger who asked what was Mark's name? Mark, still half asleep, Mark Garris he said. Immediately thereafter the stranger thrusted some papers at Mark and left before Mark could realize that these were supposed

Complaint ........            -2-



to be given or served to Märt Liikane instead. Mark send them back, with a letter and a copy to the Snohomish County Clerk's office.

X

The plaintiff, Märt Liikane, does not live at 1608 Aurora Ave.N. at all and to this day has not received or has not been served with Summons and Complaint from the defendant or his client.

XI

On Jan.10,2009 the plaintiff found an envelope from Mr.Bigsby, in which the plaintiff found a copy of a civil motion for default fausely made confirmation of a telephone appearance with a certificate of service; a fraudulent motion and declaration for order of default; fraudulent and falsely made declaration under penalty of perjury; people finder historic tracker record (incomplete); declaration of service of summons and complaint to remove lien and for damages(which the plaintiff has never been served or seen or read); again,under the penalty of perjury A.Shantz 0109175 (whoever he or she is?) fraudulently declares that Märt Liikane was duly served the summons and complaint on Dec.16,2008.; finally,the order of default(proposed) for Judge's or Court Commissioner's signature.

For his second cause of action against the defendant,plaintiff alleges and avers as follows:

Plaintiff realleges and incorporates herin paragraphs I thruXI

I

The defendant has fraudulently and falsely produced documents

Complaint .......     -3-



for the Court, constituting official misconduct in an attempt to find the plaintiff in default by not answeing the summons and complaint within the required 20 day period and therefore the defendant is attempting to collect damages and get the Court to throw the case out of the judicial system, constituting obstruction of justice. (How can the plaintiff appear or answer the summons and complaint, which he has never been served, received, seen or read) It is a physical impossibility.

The plaintiff had open heart surgery(5 by-pass) and is in a critical situation as far as stroke and heartattack is concerned (part of the heart muscle is dead) and according to the doctors he has to be free from any stress.

The wrongful actions of the defendant-threats, purjury, misconduct, obstruction of justice, lies and misrepresentations have done great damage to the plaintiff by way of stress, pain and suffering as well damaging his reputation as an architect which in turn has caused loss of commissions and jobs.

WHEREFORE, plaintiff prays for the following relief:

1) That the plaintiff be awarded $660,000.00 for punitive damages mentioned above.

2) That the plaintiff recover all fees and expenses incurred in defending the defendant's fraudulent and false motions and actions.

3) That the plaintiff recover all court costs and such other relief as the jury deems just and equitable.

Complaint ........     -4-

COPY

1    4) That the defendant be required to follow the Washington
2        Court Rules, without any exceptions and favors.
3
4
5    DATED this __20th__ day of January, 2009.



Märt Liikane, Attorney of record

1608 Aurora Ave. N.

Seattle, Wa. 98109

(206) 484-6981

Complaint ......      -5-



EXHIBIT "A"

SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR SNOHOMISH COUNTY

| | |
|---|---|
| MART LIIKANE,<br>       Third party<br>       Plaintiff,<br>v.<br>CITY OF EVERETT,<br>DAVID TYLER<br>ALLAN GIFFEN<br>JAMES and CATHY RUESKEN,<br>       Third party<br>       Defendants. | NO. 08 2 10255 4<br><br>THIRD PARTY COMPLAINT |

Third Party Complaint     -1-

COPY

THIRD PARTY COMPLAINT

COMES NOW, THE THIRD PARTY PLAINTIFF, Märt Liikane and alleges and avers as follows:

I

Third party plaintiff, Märt Liikane, is a licensed architect registered to do business in States of Washington and Hawaii.

II

Third party defendant City of Everett is presumed to be a incorporated City, in State of Washington.
Third party defendant David Tyler is presumed planner for City of Everett's Planning and Community Development Depatment.
Third party defendant Allan Giffen is presumed to be Director of the Planning and Community Development Department.
Third party defendants James and Cathy Ruesken are presumed to be the new owners of the property located at 3726 Wetmore Ave. in Everett, Wa.

III

The plaintiff, Rhonda Baker, and the third party plaintiff, Märt Liikane, on or about October 3, 2006, entered into a architectural contract, in which Liikane as an architect was to design two apartment buildings (one at 3313 Oakes Ave. and the other at 3726 Wetmore Ave., both in Everett, Wa.) She breached that contract.

IV

Before beginning the design, Liikane consulted with the City of Everett's building department and with their officials. Liikane wanted to be certain about all of the zoning and building code

Third party complaint        -2-

requirements,within which to design the buildings.

V

During the design and working-drawing phases of the projects, Baker and Liikane on several occasions met with the building department officials,making certain that all was correctly on track. All was well with the few corrections to the code requirements. Baker quit her regular job ,in order to designate her entire efforts and full attention to the projects at hand. Oakes property had a old house on it. It was empty and squtters moved in and wrecked the place and set on fire. City of Everett did request that the building be demolished. Baker entered into another contract with Liikane to demolish the structure, with a stipulation that Liikane will provide the labor and Baker will pay directly to Rubatino for the dumpsters and dumping fees. Initially Baker paid Rubatino and then did not pay and Rubatino sued Liikane for the balance. Liikane had to defend ,counterclaim and drag in the third party defendant Baker. Finally Mr.Mr. J. Kirchgessner,presumably the husband of Baker, did agree to pay the Rubatino directly if Liikane will remove the lis pendens which he had placed on the property in order to enforce the original contract. Baker breached that contract as well.

VI

Working-drawings were pretty well completed and obviously Baker wanted to receive some idea of the construction cost estimate. Liikane recommended that she obtain at least three contractors who would give her a preliminary estimate. She obtained one Mr. J. Ruesken with whom Liikane met few times to go over the plans

Third party complaint            -3-

and construction details. Mr. Ruesken was very evasive and did not provide detailed construction cost breakedown, instead he wanted to build with the old "stick" method out of wood. Liikane and Baker had agreed on a better system, namely "The Quad-Lock Building Solution". This is a construction system with great advantages over wood construction: fire proof; reinforced concrete; resistant to rot with good insulation value; quick and easy to install.

## VII

Baker began to complain to Liikane that she is having financial problems: mortgage to pay; she quit her regular job etc. City refused to continue the building permit process and would not grant a permit, on basis of design as not meeting their some kind of guide lines, and therefore, a conspiracy between City, Baker and Ruesken took shape and Baker refused to compensate Liikane for all of his work and services rendered up to date, blaiming Liikane for not obtaining a building permit.

Liikane was willing to challange the City on the U.S. Constitutional basis (Am. I and Am. IV) but Baker refused-fired Liikane, without pay, sold "Wetmore Property" to Ruesken. Liikane, in order to protect his work, did place a lis pendens on the property and later filed a Lien as well. Lis pendens was filed on "Oakes Property". Baker breached both the architectural and construction contracts, and sued Liikane instead.

## VIII

On February 22, 2008 Allan Giffen issued a unconstitutional order to stop the building permit process on eight unit apartment building at 3313 Oakes Ave. with a following :"Note: The Planning

Third party complaint          -4-

Director has the authority to require changes to project design to ensure that the project meets the design guidelines." Since when does the City have a right to design the building which the licensed architect has been commissioned to design? Allan Giffen is violating the U.S. Constitution, amendments 1 and 14. Evidence to that will be presented to the jury..

IX

On September 10, 2007 David Tyler, the city planner, wrote to Baker similar thing about the six unit apartment design at 3726 Wetmore Ave. Same U.S. Constitutional rights were violated by Tyler. (1st and 14th Amendments of U.S. Constitution). Tyler also wrote to Baker on July 24th, 2007 about the similar guidelines. Again, violating the Amendments to U.S. Constitution.

Because of plaintiff's own negligence, breach of contracts (few) her frivilous lawsuit and conspiracy with the third party defendants who abused their office by violating the first and the fourteenth amendments of the U.S. Constitution all have done a great damage to the third party plaintiff by way of stress, pain and suffering as well as damaging his reputation as an architect, which in turn has caused losses of commissions and jobs.

WHEREFORE, the third party plaintiff prays for the following relief:

1. That all the lawsuits against the third party plaintiff be dismissed.

2. That the third party plaintiff be awarded $275,000.00 for punitive damages.

Third party complaint          -5-

3. That the third party plaintiff be awarded $100,000.00 for the compensatory and actual damages.

4. That the third party plaintiff recover all costs and expenses connected with all the breaches of contracts and third party defendants' violations of the U.S. Constitution and their abuse of office.

5. That the third party plaintiff recover all fees and costs incurred in defending the frivolous lawsuit by the plaintiff.

6. That the third party plaintiff recover all the damages and all the costs and fees in defending the conspirator Ruesken's lawsuit.

7. That the third party plaintiff recover all court costs and such other relief as the jury deems just and equitable.

DATED this 25th of February, 2009.

_____
Märt Liikane, attorney of record

1608 Aurora Ave. N.
Seattle, Wa. 98109
(206) 484-6981

Third party complaint                    -6-

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR SNOHOMISH COUNTY

| | |
|---|---|
| MÄRT LIIKANE, | No. 08 2 10255 4 |
| Third party plaintiff, | JURY DEMAND FOR TWELVE |
| v. | |
| CITY OF EVERETT; | |
| DAVID TYLER: | |
| ALLAN GIFFEN: JAMES and CATHY | |
| RUESKEN: | |
| Third party defendants. | |

COMES NOW, Märt Liikane, the third party plaintiff in this action and hereby makes a formal jury demand of twelve and further take notice that this demand is timely and that appropriate fees have been posted.

DATED this 25th day of February, 2009.

Märt Liikane, attorney of record
1608 Aurora Ave. N.
Seattle, Wa. 98109
(206) 484-6981

Jury Demand of Twelve         -1-

COPY